a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRIAN CHAN #A026883434,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-05272<br>SEC P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| U S IMMIGRATION & CUSTOMS<br>ENFORCEMENT ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Brian Chan ("Chan"). Chan is a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), housed at the LaSalle Detention Facility in Jena, Louisiana. ECF No. 1. He claims that his continued detention is unlawful.

Because Chan alleges that he has been in post-removal order detention for over six months without the issuance of travel documents and that his removal is unlikely to occur in the reasonably foreseeable future, his Petition (ECF No. 1) should be SERVED on the Government.

I. **Background**

Chan is a native and citizen of Hong Kong. ECF No. 1-2 at 3. He was ordered removed on March 1, 2022. *Id.* at 4. Chan asserts that he has fully cooperated with

ICE's efforts to remove him, but he has been denied travel documents. Thus, Chan alleges his removal is unlikely to occur in the reasonably foreseeable future. *Id.* at 3.

## II. Law and Analysis

To determine whether Chan is entitled to relief:

THE CLERK IS DIRECTED to serve a summons, a copy of the Petition (ECF No. 1), and a copy of this Order, by certified mail, on the United States through the United States Attorney for the Western District of Louisiana, the United States Attorney General, DHS/ICE through its Director, and the Warden of the LaSalle ICE Processing Center in Jena, Louisiana.

IT IS ORDERED that Respondents file an answer to the Petition (ECF No. 1) within 60 days following the date of service. In the answer, Respondents shall provide the Court with summary judgment evidence indicating whether Petitioner's order of removal is final, whether there is a significant likelihood of removal in the reasonably foreseeable future, and whether Petitioner's detention is otherwise lawful. This evidence shall include information regarding the length of time that he has been in custody, the date on which his removal order became final, any administrative decisions relating to Petitioner's request for bond, and all documents relevant to the efforts made by the immigration officials to obtain travel documents for Petitioner.

Respondents shall also file a memorandum of law briefing the issues raised in the answer and citing applicable statutory and case law.

IT IS FURTHER ORDERED that Petitioner shall have 30 days following the filing of Respondents' answer to produce contradictory summary judgment evidence on the issue of the lawfulness of his detention.

All documentary exhibits MUST HAVE PROPERLY NUMBERED PAGES. An index describing each item attached to the response and showing each item's page number shall also be attached.

FINALLY, IT IS ORDERED that, as a condition to their acceptance by the Clerk, all future filings by Petitioner and Respondents shall include a certificate stating that a copy thereof has been mailed to all other parties.

After the record is complete and all delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

SIGNED on Thursday, October 13, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE